RECEIVED

SEP 0 2 2011
BW
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA

**UNITED STATES DISTRICT COURT**

**FOR THE WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

PEOPLES STATE BANK

versus  CIVIL NO. 10-0086
JUDGE TOM STAGG

PROGRESSIVE CASUALTY INSURANCE CO.

## MEMORANDUM RULING

Before the court is a motion filed by Peoples State Bank ("Peoples") to amend or alter the judgment imposed by this court on July 11, 2011. See Record Documents 28 and 29. Peoples requests that the court award it prejudgment and post-judgment interest upon the sum of $274,100.00. See Record Document 29. The court has reviewed the parties' briefs, noting no objection by the defendant as to the issue of interest, and the relevant law.[1] The motion to amend the judgment to award interest is **GRANTED**. Prejudgment interest is awarded upon the sum of $274,100.00 at the rate provided in Louisiana Revised Statute 9:3500 from July 21, 2009, through July 11, 2011. Post-judgment interest is awarded upon the sum of $274,100.00 at the rate

---

[1] The court notes that Peoples failed to include a request for interest in its motion for summary judgment or in its proposed order. See Record Document 18.

provided in 28 U.S.C. § 1961 from July 11, 2011, until paid.

Peoples also requests leave to brief the court on attorneys' fees and penalties. See Record Document 29. Progressive Casualty Insurance Company ("Progressive") contends that Peoples's request for leave is improper and untimely. See Record Document 32. Peoples should have filed a motion for attorneys' fees pursuant to Federal Rule of Civil Procedure 54(d) within 14 days of the entry of judgment. See Fed. R. Civ. P. 54(d). Peoples instead filed this motion to amend the judgment, presumably pursuant to Rule 59(e), 28 days after the entry of judgment. The court will construe Peoples's motion as a request for an extension of time to file its motion for attorneys' fees, however, and **GRANTS** the extension of time and request for leave.

With regard to Peoples's request for leave to file a motion on penalties, however, the court agrees with Progressive that the motion is improper and untimely. In its petition, Peoples prayed for penalties pursuant to Louisiana Revised Statutes 22:1973 and 22:1892. See Record Document 1. Both statutes "require proof that the insurer was 'arbitrary, capricious, or without probable cause'" and the plaintiff bears this burden of proof. Reed v. State Farm Mut. Auto. Ins. Co., 857 So.2d 1012, 1021 (La. 2003); see Dickerson v. Lexington Life Ins. Co., 556 F.3d 290, 297 (5th Cir. 2009). Thus, Peoples was required to prove that the denial of its claim by Progressive

was "arbitrary, capricious, or without probable cause." Peoples, however, omitted the issue of penalties from its motion for summary judgment. Peoples did not argue or present any summary judgment evidence in support of penalties in its motion, and failed to raise the issue in its opposition to Progressive's motion for summary judgment. See Record Documents 17 and 18. Peoples also did not advise the court that there were any remaining unresolved issues for trial or request only partial summary judgment.[2]

In this motion to amend the judgment, Peoples requests leave to file another motion to brief the court on penalties. The dispositive motion deadline has long past. The court has already issued its judgment, and Peoples has not established either "a manifest error of law or fact" or presented "newly discovered evidence" as is required for a motion to amend the judgment under Rule 59(e). Rosenblatt v. United Way of Greater Houston, 607 F.3d 413, 419 (5th Cir. 2010) (internal quotations omitted). Rather, Peoples is raising arguments "which could, and should, have been made before the judgment issued." Id. Accordingly, the court finds Peoples's request for leave to file a motion on penalties to be improper and untimely, and the motion is **DENIED**.

---

[2] Peoples prayed only "that this Court GRANT its motion for summary judgment and enter a judgment totaling $274,100 against the defendant, with prejudice, with the defendant bearing all court costs." Record Document 18.

An order consistent with the terms of this Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED** in Shreveport, Louisiana, on this, the 2nd day of September, 2011.

_____
JUDGE TOM STAGG